*Mr. Brashears for the defendant, objected that these affidavits did not bring the case within the 5th section of the 4th Rule of this Court, which requires “a positive affidavit of a real subsisting debt.” The plaintiff declares in his affidavit that he has not been able to ascertain the exact amount of the indebtedness, nor does he distinguish, as he ought to have done, between his claim for money paid, &c., and that arising from stock transactions. The latter are too vaguely stated in both affidavits to authorize a holding to bail. The liabilities to third persons mentioned in the affidavit of the clerk, ought to have been particularly set forth; besides, the affidavits are in a measure contradictory, since the first speaks of services rendered, and the last confines the claim to money lent and advanced, and liabilities to third persons for purchases and sales of stock.
But, by the Court, (without hearing Mr. O. J. Ingersoll, for the plaintiff.) These affidavits taken together make out a suffi *322 cierit case, to justify us in refusing bail. It is not necessary to spread out the particulars of the indebtedness, in an action like the present. Besides, it appears that the defendant has acknowledged himself to be indebted to the plaintiff in a sum, which authorizes the bail demanded.
Rule discharged.